### No. 6075.

#### Jean Mandére vs. François Bonsignore and New Orleans Savings Institution.

The New Orleans Savings Institution excepted to the jurisdiction of the Fourth District Court on the ground that said New Orleans Savings Institution is a corporation established by act of the General Assembly and domiciled in the parish of Orleans, and that by the act creating the Superior District Court that court alone has jurisdiction as to this defendant. The court *a qua* erred in maintaining this exception.

It is true act No. 2 of the acts of 1873, organizing the Superior District Court, declares that said court shall have exclusive jurisdiction over all cases in which "any corporation established by act of the General Assembly and domiciled in the parish of Orleans shall be a party;" but this defendant has failed to adduce proof showing it is "a corporation established by act of the General Assembly." If such an act exists it is a private statute which should have been introduced in evidence. It is not a general law of which the court will take notice.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J.* G. *Schmidt*, for plaintiff and appellant. *Clarke, Bayne & Renshaw*, for defendant and appellee.

Wyly, J. Plaintiff sued the defendant, Bonsignore, the drawer of a check on New Orleans Savings Institution, for two thousand eight hundred dollars, and prayed that he be condemned to pay said amount and the said Savings Institution be "ordered to pay the aforesaid check as a transfer to that extent of the funds of Bonsignore in their possession." The New Orleans Savings Institution excepted, on the ground that the Fourth District Court was without jurisdiction, because it is a corporation

416 SUPREME COURT OF LOUISIANA,

. Mandere vs. Bonsignore and New Orleans Savings Institution.

established by act of the General Assembly and domiciled in the parish of Orleans, and by the act creating the Superior District Court that court alone has jurisdiction as to this defendant.

The court, maintaining this exception, dismissed the suit as to the New Orleans Savings Institution, and plaintiff appealed.

We think the court erred.

It is true act No. 2 of the acts of 1873, organizing the Superior District Court, declares that said court shall have exclusive original jurisdiction over all cases in which "any corporation established by act of the General Assembly and domiciled in the parish of Orleans shall be a party;" but this defendant has failed to adduce proof showing it is a "corporation established by act of the General Assembly." If such an act exists, it is a private statute, which should have been introduced in evidence; it is not a general law of which this court will take notice.

It is therefore ordered that the judgment herein be annulled, and that this cause be remanded for trial on the merits according to law, appellee paying costs of appeal.

Rehearing refused.